**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
─────────────────────────────────────────

MAXMILLIAN SLOLEY,

                              Plaintiff,

              v.                                              9:23-cv-01469 (AMN/TWD)

C.O. JOYCE, P.A. MILOV, DR. SARRA SOLOMON,
DR. ANNA ANDOLA, R.N. KIM FAULKNER

                              Defendants.

─────────────────────────────────────────

**APPEARANCES:**                                **OF COUNSEL:**

**MAXMILLIAN SLOLEY**
Otisville Correctional Facility
17-A-0421
Box 8
Otisville, New York 10963
Plaintiff, *pro se*

**HON. LETITIA A. JAMES**                        **OLIVIA R. COX, ESQ.**
New York State Attorney General                  Assistant Attorney General
The Capitol
Albany, New York 12224
*Attorneys for Defendants*


**Hon. Anne M. Nardacci, United States District Judge:**

                              **ORDER**

## I.      INTRODUCTION

          Plaintiff Maxmillian Sloley ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983,

the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and Section 504 of the

Rehabilitation Act, asserting claims arising out of his confinement at Eastern Correctional Facility

("Eastern CF").  Dkt. No. 1 ("Complaint").  On January 19, 2024, the Court ordered that certain

of Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b),

resulting in the termination of several defendants in this action.  Dkt. No. 5.  At this stage, Plaintiff's remaining claims are against defendants Correction Officer Joyce ("Joyce"), Physician Assistant Milov ("Milov"), Doctor Sarra Solomon ("Solomon"), Doctor Anna Andola ("Andola"), and Registered Nurse Kim Faulkner ("Faulkner") (collectively, "Defendants").  Plaintiff asserts Eighth Amendment deliberate medical indifference claims against Joyce, Faulkner, and Andola and First Amendment retaliation claims against Milov and Solomon, based on allegations that Defendants did not provide him appropriate medical treatment for opiate use disorder and then retaliated against Plaintiff after he filed related grievances.  Dkt. No. 1 at 2–4.[1]

Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim pursuant to pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. No. 15.  In response, Plaintiff filed an opposition and a cross-motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Dkt. No. 17.  The motions are fully briefed.  Dkt. Nos. 18–19. On February 5, 2025, United States Magistrate Judge Thérèse Wiley Dancks issued a Report-Recommendation and Order recommending that the Court deny both motions.  Dkt. No. 22 (the "Report-Recommendation").  No objections have been lodged, and the time to do so has expired.

For the reasons set forth below, and except for the recommendations regarding the claims against Joyce and Faulkner, which are dismissed, the Court adopts the Report-Recommendation in its entirety.

## II.    LEGAL STANDARD

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223,

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the document's internal pagination.

228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."  *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

As no party has filed objections to the Report-Recommendation, this Court reviews the Report-Recommendation for clear error.  Familiarity with the background and the legal framework set forth in the Report-Recommendation, both of which the Court adopts as they contain no clear error, is presumed.

In reaching her recommendation to deny Defendants' motion to dismiss, Magistrate Judge Dancks considered both the elements of Plaintiff's claims and Defendants' various arguments.  In relation to Plaintiff's Eighth Amendment deliberate medical indifference claims against Joyce, Faulkner, and Andola, Magistrate Judge Dancks recognized that there is no constitutional right for an inmate to choose a drug program he or she desires[.]"  Dkt. No. 22 at 7 (quoting *Toney v. Goord*, No. 04-cv-1174, 2006 WL 2496859, at *9 (N.D.N.Y. Aug. 28, 2006)).  Nevertheless, Magistrate Judge Dancks found that the claims should survive because, drawing all reasonable inferences, Plaintiff alleges he was deprived of his prescribed treatment entirely.  *Id.* at 7–9.

As discussed below, the Court finds no clear error in this conclusion with respect to Plaintiff's claim against Andola, who is alleged to have terminated Plaintiff's Suboxone medication beginning in October 2023.  *Id.* at 4.  While discovery may ultimately prove that Andola's decisions regarding Suboxone were medically justified and that Plaintiff simply disagrees with those decisions, at this stage, the Court cannot find that Plaintiff's claims must be dismissed as a matter of law.  *See Allen v. Koenigsmann*, 700 F. Supp. 3d 110, 143 (S.D.N.Y. 2023) (finding a deliberate indifference claim based on the tapering of a pain medication was likely to succeed in the absence of medical justification for the tapering).

The Court, however, finds that the Report-Recommendation's conclusion as to Joyce and Faulkner is clearly erroneous.  These Defendants are only alleged to have denied Plaintiff one dose

of his daily Suboxone medication in March 2023.  Dkt. No. 22 at 2–4.  As the Report-Recommendation correctly noted, "[w]hen medical treatment was provided, but a complaint alleges that treatment was delayed or inadequate, the relevant concern is the 'particular risk of harm faced by a prisoner due to the challenged deprivation of care.'"  *Id.* at 8 (quoting *Smith v. Carpenter*, 316 F.3d 178, 185–86 (2d Cir. 2003)).  Here, Plaintiff's allegations with respect to the single denial of his daily medication by Joyce and Faulkner are insufficient to meet the deliberate medical indifference standard.  *See, e.g., Schlosser v. Carter*, No. 20-cv-434, 2021 WL 1124280, at *9 (D. Conn. Mar. 24, 2021) ("Courts have held that the denial of a single dose, or even several doses, of a needed medication is insufficient, without more, to establish a serious delay in treatment under the Eighth Amendment.") (collecting cases); *Youngblood v. Artus*, No. 10-cv-00752, 2011 WL 6337774, at *7 (N.D.N.Y. Dec. 19, 2011) ("Plaintiff failed to allege that he suffered harm as a result of Defendant['s ] failure to give him one dose of his seizure medication.") (rejecting portion of report-recommendation recommending denial of defendants' motion to dismiss deliberate medical indifference claim against a defendant who had not provided seizure medication on one occasion several months prior to plaintiff's seizure) (collecting cases).

Plaintiff alleges that the missed dose of his daily medication caused "ailments that relate to the oncoming effects of withdrawal symptoms after the first 24 hours of not being treated with [ ] daily medication."  Dkt. No. 1 at 2.  Plaintiff does not allege that Joyce or Faulkner subsequently denied his daily medication and does not allege that he suffered "permanent or on-going harm" from the single missed dose.  *Smith*, 316 F.3d at 188.  "Because he alleges only that he missed a single dose of medication and suffered short-term symptoms as a result, [Plaintiff] has failed to establish a sufficiently serious deprivation of medical treatment."  *Schlosser*, 2021 WL 1124280, at *10.  Accordingly, the Court finds that Defendant's motion to dismiss should be granted as to

Joyce and Faulkner.

As to the deliberate medical indifference claim against Andola, the Report-Recommendation further found, under the objective prong, that Plaintiff's alleged withdrawal symptoms following the termination of his Suboxone medication were an objectively serious medical condition. *Id.* at 9 (citing *Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13 (2d Cir. 2015)). Finally, under the subjective prong, Magistrate Judge Dancks found that the Complaint plausibly alleges that Andola acted with the required intent. *Id.* at 11–12. The Report-Recommendation relied on Plaintiff's allegations that Andola was aware of his withdrawal symptoms and that she stated "her hands were tied" in relation to his treatment as plausibly alleging the required subjective component. *Id.* at 12. The Court finds no clear error in the Report-Recommendation's Eighth Amendment deliberate medical indifference analysis as to Andola.

As for the First Amendment retaliation claim against Milov and Solomon, the Court similarly finds no clear error in the Report-Recommendation's analysis. Magistrate Judge Dancks addressed the relevant Defendants' sole argument: that Plaintiff failed to allege an adverse action. *Id.* at 13. The Report-Recommendation found that Plaintiff's allegations that Milov and Solomon refused to increase his dosage of Suboxone and that Solomon refused to treat his high blood pressure and prepared a fraudulent assessment were sufficient, at this stage, to constitute an adverse action. *Id.* at 13–14 (citing *Olutosin v. Lee*, No. 14-cv-685, 2016 WL 2899275, at *10 n.5 (S.D.N.Y. May 16, 2016) ("general allegations of denial of medical care are sufficient to allege an adverse action")). The Report-Recommendation distinguished Defendant's proffered cases equating the deliberate indifference and adverse action standards, *id.* at 14, and further authority supports that Plaintiff has plausibly alleged an adverse action. *See Olutosin*, 2016 WL 2899275, at *10 n.5; *Benitez v. Parmer*, No. 12–cv–0448, 2013 WL 5310245, at *8 (N.D.N.Y. July 8, 2013)

6

("courts have found that 'denial of medical evaluation, treatment, and adequate pain medication' can suffice to establish adverse action under a First Amendment retaliation analysis") (citation omitted). The Court finds no clear error in the Report-Recommendation's First Amendment retaliation analysis.

In reaching the recommendation to deny Plaintiff's motion for summary judgment, the Report-Recommendation found it critical that the parties have not engaged in discovery and that Plaintiff did not submit a statement of material facts pursuant to Local Rule 56.1(a). Dkt. No. 22 at 16–18 (citing, *inter alia*, *Hellstrom v. U.S. Dep't of Veteran Affs.*, 201 F.3d 94, 97 (2d Cir. 2000)). The Court finds no clear error in the Report-Recommendation's summary judgment analysis.

## III.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 22, is **ADOPTED in its entirety**, except for the recommendations regarding the claims against Defendants Joyce and Faulkner, which are **DISMISSED**; and the Court further

**ORDERS** that Defendants' Motion to Dismiss, Dkt. No. 15, is **DENIED in part and GRANTED in part**, as set forth in Section III of this Order; and the Court further

**ORDERS** that Plaintiff's Cross-Motion for Summary Judgement, Dkt. No. 17, is **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.[2]

**IT IS SO ORDERED.**

Dated: March 21, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.